UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BSI 254 WESTFIELD, LLC and<br>BSI 254 WESTFIELD MEMBER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS FIORILLO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 1:22-cv-11394-DJC |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR REMAND

Mr. Fiorillo's notice of removal is his latest attempt to delay the proceedings before the Massachusetts Superior Court. (Suffolk Superior Court, C.A. No. 2284-00666). This is a breach of contract action in which the state trial court defaulted Mr. Fiorillo and found him in contempt for failing to comply with the unambiguous terms of a May 16 Preliminary Injunction. (*See*, *e.g.*, Superior Court Docket Nos. 60, 66.) Mr. Fiorillo failed to appear at his fourth-scheduled trial date and filed a series of baseless motions that the Superior Court rejected. Due to his conduct and the allegations against him, the Superior Court indicated that it was referring Mr. Fiorillo's conduct to the District Attorney. (Docket No. 66, included within Exhibit 1.) As Mr. Fiorillo has done in other matters, he now attempts to evade responsibility by removing the case to this federal court. *See*, *e.g.*, *Spitalny v. Gotspace Data Equity Fund LLC*, 21-cv-12140 (remanded at Docket No. 18.) This Court, like other courts, should recognize the frivolous and futile nature of his latest maneuver.

Here, Mr. Fiorillo seeks to remove an action that has been pending for several months. It is untimely. He argues that the basis for federal jurisdiction is 28 U.S.C. 1443, a civil rights

protection statute. Frankly, it is insulting for him to try to invoke such a statute. The courts have repeatedly stated that the purpose of this statute is to protect against things like racial discrimination – not to allow relitigating state court issues in federal court. Regardless, he fails to explain how he will satisfy his required showing of having no state-court avenue to protect his interests. He acknowledges this because he is simultaneously appealing to the Massachusetts Appeals Court. (*See* Appeals Court Docket 2022-J-0476, Aug. 26, 2022.) Essentially, Mr. Fiorillo is seeking a third avenue of review by way of the federal courts without the necessary federal jurisdiction. Even if there was a federal civil right at issue, which there is not, "[t]here is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all." *Allen v. McCurry*, 449 U.S. 90, 104 (1980).

This Court must remand the matter back to the Superior Court so that Plaintiffs can seek its timely enforcement of the May 16 Preliminary Inunction and August 25 Orders of contempt and default. This Court should act swiftly and firmly to protect the Plaintiffs' rights and interests *and* to uphold the state court decisions that must be afforded full faith and credit. While the removal does not relieve Mr. Fiorillo of his obligations to comply with the Superior Court's Orders (28 U.S.C. 1450), the state court is in the best position to address them. The Plaintiffs should not be forced to expend additional time and money moving among various courts in what is a straightforward matter. As Mr. Fiorillo has still not complied, this Court should not have to review the file to address the enforcement requests that the Plaintiffs need to file in short order.

Additionally, Plaintiffs are entitled to an award of their fees and costs due to this frivolous removal. *See* 28 USC §§ 1447(c), 1927; *see also* F. R. Civ. P. 11 (any attorney who files or submits a documents is responsible for its contents).[1]

### Background

As alleged in the underlying complaint, BSI 254 Westfield, LLC is the owner of property located at 254 Westfield Street, Dedham, MA (the "Property"). BSI 254 Westfield Member, LLC operates the Property for BSI 254 Westfield, LLC. (*See* Complaint.) Mr. Fiorillo entered into an Independent Contractor Agreement to provide services for the Property and was obligated to follow the instructions and directions of the Plaintiffs. (*Id*.) The Plaintiffs discovered that Mr. Fiorillo was renting the Property without their authority and retaining all of the rental income. (*Id*.)

The Plaintiffs obtained a May 16 Preliminary Injunction from the Superior Court after Mr. Fiorillo breached an in-court agreement to provide information and documents and refrain from taking certain actions. (*See* Superior Court Docket No. 12.) After Mr. Fiorillo failed to comply with the Preliminary Injunction, the Plaintiffs filed a Verified Complaint for Contempt. (Superior Court Docket No. 17.) The Superior Court scheduled trial a number of times, but Mr. Fiorillo either failed to appear or filed baseless motions that the Superior Court denied. (*See* Superior Court Docket Entries Aug. 3, Aug. 8, Aug. 22; *see also* Decisions and Orders at Docket Nos. 53, endorsement on 60, 66, attached collectively as Exhibit 1.) Mr. Fiorillo failed to appear

---

[1] The docket indicates that Attorney Neil Kreuzer filed Mr. Fiorillo's removal papers. Attorney Kreuzer states that he does not represent Mr. Fiorillo in this matter, but Attorney Kreuzer confirmed in an email to Plaintiffs' counsel that he "uploaded Mr. Fiorillo's filing to the computer system." Plaintiffs contend Attorney Kreuzer's conduct violates the Federal Rules and this Court's filing protocols. Rule 11(b) applies to presentations to the court "whether by signing, filing, submitting, or later advocating it…" Fed. R. Civ. P. 11(b). The CM/ECF Administrative Procedures for the United States District Court for the District of Massachusetts, subsection (G.)(1.) indicates that electronic transmission of a document through the CM/ECF system "constitutes the filing of the document for all purposes…" Moreover, subsection (G.)(6.) of the Administrative Procedures mandates that the "filer shall verify the accuracy…of any PDF file before electronically filing it in CM/ECF."

at the fourth-scheduled trial date on August 25, at which time the Superior Court issued its Orders and Rulings. (Superior Court Docket No. 66.) The Superior Court also defaulted Mr. Fiorillo in the underlying breach of contract action. (Superior Court Docket entry on No. 60, August 25, 2022.)

Among other things, the Preliminary Injunction and August 25 Contempt Order require Mr. Fiorillo to:

- Produce all Property-related contracts and agreements, including but not limited to rental or maintenance agreements;
- Produce all Property-related documents reflecting work performed at the Property;
- Produce all Property-related documents reflecting insurance, maintenance, tax, and other payments;
- Produce all documents reflecting Mr. Fiorillo's collection of, deposit, and use of rental income (including deposits) relating to the Property;
- Produce all documents reflecting Mr. Fiorillo's use of money advanced to him by the Plaintiffs;
- Return all keys, passwords, and information allowing Plaintiffs to operate and manage the Property;
- Remove all on-line rental listings and refrain from entering into transactions for the Property;
- Deposit at least $220,000 of rental income into the Property's operating account (an amount Mr. Fiorillo indicated he collected);
- Reimburse the Plaintiffs' their attorney's fees and costs; and
- Pay a per diem amount of $1,500 from August 25 going forward.

(*See* attached Exhibits.) As stated above, the Superior Court indicated that it was referring Mr. Fiorillo's conduct to the District Attorney. (*Id.*)

Following the Superior Court's August 25 Orders, Mr. Fiorillo filed a purported notice of appeal and request for interlocutory review by the Massachusetts Appeals Court. (Superior Court Docket Nos. 62, 63.) In doing so, he relies on Chapter 30A and 151A, which govern appeals from administrative bodies. (*Id.*) He also filed a document titled "Complaint for Judicial Review." (Superior Court Docket No. 58.) All of his papers, like his notice of removal, are unclear and vague. Yet, he appears to complain that the Superior Court improperly denied his motions to dismiss the Verified Complaint for Contempt. The basis for Mr. Fiorillo's motions to dismiss was his argument that he was never served with the contempt papers pursuant to Mass. R. Civ. P. 4. However, as the Superior Court noted, Mr. Fiorillo was properly served and provided notice pursuant to the applicable contempt rules, including Mass. R. Civ. P. 65.3. Additionally, Mr. Fiorillo was served by a court officer in open court, was served at his residence, and had actual notice when he received the papers from his then counsel (on whom the Superior Court ordered service). (*See* Superior Court Docket Nos. 28, 33.) If there was any confusion about service, that ended after Mr. Fiorillo, in seeking another continuance, acknowledged at an August 8 hearing date (originally an in-person trial date but converted to a video conference after he failed to appear live) that he agreed service was made (August 8 Trans., at 28, 30-31, 52, attached as Exhibit 2.) Overall, the history of this case and Mr. Fiorillo's conduct has been well documented by the Superior Court.

Mr. Fiorillo's conduct in this case is part of a pattern that reaches across other matters in which he has been involved. What he is attempting in this case mirrors what he unsuccessfully attempted in the *Spitalny* matter. (*See* D. Mass. 21-cv-12140 and Docket for Superior Court

5

2184-cv-2894 a copy of which is attached as Exhibit 3.) He has demonstrated his unwillingness to honor clear directives from the Courts. His standard "playbook" is to withhold court-ordered documents and information and then move to disqualify opposing counsel and seek the recusal of judges.

For example, a Chapter 11 bankruptcy of an entity managed by Mr. Fiorillo was converted and/or dismissed due to Mr. Fiorillo's mismanagement and failure to comply with court rules and orders. (*See In re Ocean Development Partners, LLC Bank*, D. Mass 22-10043). In the *Spitalny* matter, Mr. Fiorillo filed an "emergency motion" on behalf of Attorney Masterson for one of Attorney Masterson's clients, including a signature on Attorney Masterson's behalf without his consent. Attorney Masterson filed his own motion to correct the record to state that he did not approve of or agree with the motion, specifically, a statement that Mr. Fiorillo attributed to other attorneys. (Suffolk Superior Court, C.A. No. 2184-2894 Dkt. No. 83/85). In that case, Mr. Fiorillo purportedly resorted to forgery three times in two months. In *Fiorillo v. Oasis Inc.*, No. 992455 2009 WL 3086016, at *1 (Mass. Super. Aug. 1, 2009), the Superior Court dismissed a lawsuit after it found that Mr. Fiorillo had relied on a forged document at trial. In HHB-CV22-5030673-S (Conn.), Mr. Fiorillo and an entity appear to have stipulated to obtaining a bond in lieu of prejudgment security but failed to comply with that agreement; it appears that Mr. Fiorillo still has not complied with the Court's pre-judgment order that he disclose his assets. In *Fiorillo et al. v. Nicholas A. Leo et al*, 1984-CV-020304 – Dkt. No. 30, on May 4, 2022, the Superior Court ordered that Mr. Fiorillo comply with the terms of a Judgment after he failed to do so.

### **Mr. Fiorillo Fails to Satisfy His Burden of Proving Jurisdiction for Removal**

As the party seeking removal of this matter from state to federal court, Mr. Fiorillo bears the burden of demonstrating the existence of federal jurisdiction.  *See, e.g.*, *Baker v. Emmaus, Inc.*, No. 10-11-333, 2010 WL 3167398, at *2 (D. Mass. Aug. 9, 2010) (citing *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997)).  Mr. Fiorillo's removal papers fail to satisfy this burden.  Instead, his papers and the lower court docket entries demonstrate unambiguously that his removal is untimely and unwarranted under any statute, including Section 1443.

### **Mr. Fiorillo's Notice of Removal Is Untimely**

Notices of removal must be filed withing thirty days of service. *See* 28 U.S.C. § 1446. The Plaintiffs served Mr. Fiorillo on April 20, 2022. He is months past his removal deadline. Even if Mr. Fiorillo is claiming that his dissatisfaction with the Superior Court could be grounds for removal, he expressed that opinion over thirty days ago. (*See* July 25Transcript, attached as Exhibit 4, at 15 - Mr. Fiorillo's response to the Superior Court warning him of the consequences of his contempt.) The Superior Court also issued its summons to appear for the contempt trial on July 26.

### **Section 1443 Does Not Provide Federal Jurisdiction in this Case**

28 United States Code, Section 1443, provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

7

Facially, there are two key things that must be present before a defendant can invoke this statute. First, Section 1443 deals only with issues involving civil rights. Mr. Fiorillo does not identify what civil or equal rights of his are being violated, let alone how they are being violated. It is not enough for Mr. Fiorillo to complaint that his motions to dismiss were denied or that the Superior Court judge was biased. In pointing to Section 1443, Mr. Fiorillo suggests that any dissatisfied state court litigant has a path of review in federal court. That certainly is not the law.

This Court should expect that if Mr. Fiorillo was claiming that his civil rights have been violated, he would engage in some analysis starting with identifying the right in question, explaining how he is part of a protected class, and then describe what wrong he suffered. If Mr. Fiorillo is claiming someone acting under the color of authority enforced or refused to enforce a civil rights law, he must make a similar declaration.

Second, Section 1443 requires that Mr. Fiorillo demonstrate that he cannot enforce his civil rights in state court. He cannot make this showing. Mr. Fiorillo had every opportunity to make his arguments before the Superior Court and has even appealed the results to the state Appeals Court. His own conduct acknowledges that he has state-court avenues in which he can, and has, made his arguments. Moreover, Mr. Fiorillo conveniently ignores that the Superior Court entered the Orders against him after he failed to pursue his rights in state court. He started by breaching the terms of an in-court agreement. He then failed to appear on multiple days for trial. If his state court options are in any way limited, that is due to his deliberate conduct and nothing else. Mr. Fiorillo claims he seeks equity, but to "get equity, one must do equity." *Manufacturers' Fin. Co. v. McKey*, 294 U.S. 442 (1935).

As if the plain text of Section 1443 was not enough, the federal court have repeatedly recognized the statute's limited applicability. To demonstrate that removal is proper

under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Other courts have correctly identified the purposes of this civil rights statute:

- *Greenberg v. Veteran*, 889 F.2d 418 (2nd Cir. 1989) (purpose of civil rights removal statute is to provide a federal forum for suits against state officers who uphold equal protection in face of strong public disapproval);
- *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566 (6th Cir. 1979) (this section was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate such issues);
- *Walker v. State of Georgia*, 417 F.2d 5 (5th Cir. 1969) (primary purpose of this section authorizing removal of civil actions or criminal prosecutions from state court against person who is denied or cannot enforce in state courts a right under any law providing for equal civil rights of citizens of United States is to remove from state courts groundless charges based on race that deny defendant of a federally protected right).

Simply put, Section 1443 was enacted to prevent "invidious discrimination" under state law. *Poore v. State of Ohio*, 243 F. Supp. 777, 779 (N.D. Ohio 1965). The statute does not provide for

federal removal because of erroneous actions or decisions by judicial or administrative officials. *Id*.

Again, this matter arises out of a state court breach of contract action. The Superior Court entered a Preliminary Injunction and then enforced it by way of a contempt proceeding. The Superior Court acted because of Mr. Fiorillo's conduct, not because of his race or other discriminatory purpose. Section 1443 serves a very important purpose, but it does not confer general appellate jurisdiction in the federal courts over state courts. For Mr. Fiorillo to suggest that it does insults the purpose and goal of the statute.

### **Mr. Fiorillo Cannot Revisit State Court Issues in Federal Court Because He Is Dissatisfied with the Results**

Many principles preclude Mr. Fiorillo from relitigating the state court issues in federal court simply because he is dissatisfied with the end results. Collateral Estoppel and res judicata apply. Concepts of abstention are important and federal courts should, and must, defer to state courts where only state court issues exist. Even if this were an instance where Mr. Fiorillo's civil rights were at risk, he cannot use removal as a means of reopening decisions against him.

The Supreme Court has clearly decided this issue. In *Allen v. McCurry*, the plaintiff was convicted after the state court denied some of his search and seizure challenges. The plaintiff then sought federal review and attempted to argue Section 1983 civil rights and constitutional challenges to the federal court. The Supreme Court ultimately held that he could not do so and that the state court rulings must stand. The Court reasoned "[t]here is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all." *Allen*, 449 U.S. 90, 104 (1980).

Here, Mr. Fiorillo now claims that he would have rather not been subject to the state court proceeding. Putting aside whether he ever could have removed to federal court a breach of contract case between two citizens of Massachusetts, his arguments fail because he ignored his opportunity to litigate the matter before the Superior Court. The Superior Court ruled against him and he must accept that result or appeal through the appropriate Massachusetts appellate courts. Indeed, Mr. Fiorillo is simultaneously attempting to do just that. (*See* Appeals Court, Docket No. 2022-J-0476).

### **This Motion to Remand Should Be Considered On An Emergency Basis**

Despite the Superior Court's clear findings and Contempt Order, Mr. Fiorillo has still not complied with the Preliminary Injunction. All of the Orders require immediate enforcement to protect the Plaintiffs' rights and interests. Mr. Fiorillo has not complied, and the Plaintiffs intend on filing motions and requests for immediate enforcement. It should not fall on this Court to review the file to address those motions and requests.

And inherent in the Superior Court's issuance of the Preliminary Injunction is the finding that the Plaintiffs continue to suffer irreparable harm. The Superior Court confirmed this finding when it found Mr. Fiorillo in contempt and when it defaulted him. While removal does not remove Mr. Fiorillo's obligation to comply with the state court orders (*see* 28 U.S.C. 1450), it delays the Plaintiffs' ability to enforce them. It also impairs notions of fairness and justice as well as faith in the legal system.

Mr. Fiorillo must not be permitted to shift this case between the courts in an effort to undermine the Plaintiffs' ability to seek enforcement. As it currently stands, Mr. Fiorillo is simultaneously seeking "appellate" review by three different courts: the Superior Court via his "Complaint for Judicial Review"; the Massachusetts Appeals Court via his petition for

interlocutory review; and this federal court via his notice of removal. It is not fair to force the Plaintiffs to navigate through three different court systems to enforce a Preliminary Injunction, Contempt Order, and default. This Court should swiftly and firmly remand the case.

The Superior Court is well versed in the history of this matter and is best suited to enforce its own orders. Each day that Mr. Fiorillo fails to comply, the Plaintiffs continue to suffer harm. It is not fair to this Court or the Plaintiffs to require yet another judge to review the files even if enforcement is ultimately a straightforward issue.

### **Mr. Fiorillo's Effort to Remove is Frivolous – Plaintiffs are entitled to their attorney's fees and costs**

On its face, Mr. Fiorillo's notice of removal is frivolous. When examined in the context of his other submissions in this case and other cases, it is clear that it is also vexatious. Mr. Fiorillo has demonstrated a pattern of behavior designed to delay the proceedings against him and avoid the consequences of his actions. This should not be allowed to continue. It also appears that Mr. Fiorillo is being assisted by counsel who has filed on Mr. Fiorillo's behalf. As this counsel has represented Mr. Fiorillo and his entities in other matters, the Plaintiffs assume that he too is aware of Mr. Fiorillo's conduct in this case. Indeed, this counsel represented Mr. Fiorillo in the recent *Spitalny* matter, in which Judge Wolf found that Mr. Fiorillo's removal was improper. (21-cv-12140, Docket No. 18.) At a minimum, by filing and submitting the removal papers for Mr. Fiorillo, counsel takes responsibility for those submissions pursuant to Fed. R. Civ. P. 11.

Accordingly, the Plaintiffs are entitled to an award of their attorney's fees and costs pursuant to 28 U.S.C. §§ 1447(c) (frivolous removals) 1927 (vexatious litigation), and Rule 11.

Dated: August 30, 2022	BSI 254 WESTFIELD, LLC and
	BSI 254 WESTFIELD MEMBER, LLC,

By its attorneys,

_____
Michael P. Sams  BBO# 567812
(mpsams@kslegal.com)
Matthew C. Welnicki  BBO# 647104
(mcwelnicki@kslegal.com)
KENNEY & SAMS, P.C.
144 Turnpike Road
Southborough, Massachusetts 01772
Tel.: 508-490-8500
Fax: 508-490-8501

## Certificate of Service

    The undersigned states that he served a copy of the above on counsel of record and Fiorillo by email and through the Court's electronic filing system.

_____
Matthew C. Welnicki