UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.

_____

|   |   |   |
|---|---|---|
| BSI 254 WESTFIELD, LLC and | ) | |
| BSI 254 WESTFIELD MEMBER, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 1:22-cv-11394-DJC |
| v. | ) | |
| | ) | **DEFENDANT'S NOTICE OF** |
| | ) | **MOTION AND MOTION TO** |
| | ) | **ENLARGE TIME TO FILE** |
| | ) | **OPPOSITION PAPERS** |
| | ) | |
| Defendant. | ) | |

_____

PLEASE TAKE NOTICE that in accordance with the provisions of Fed. R. Civ. P. 6(b)(1)(A), Defendant, Nicholas Fiorillo ("Defendant" or "Fiorillo") hereby moves this Honorable Court for an enlargement of time, to oppose Plaintiffs, BSI 254 Westfield, LLC and BSI 254 Westfield Member LLC's joint emergency motion to remand the with captioned civil action to the Superior Court Dept. of the Trial Court - *Suffolk Division*, to and including September 30, 2022.

Dated: August 31, 2022

NICHOLAS FIORILLO

/s/ Nicholas Fiorillo_____
Nicholas Fiorillo
3 Kales Way
Harwich Port, MA 02646-1936
Tel: (508)-776-7219
metrowestrealty@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.

_____

|                                           |   |                                      |
|-------------------------------------------|---|--------------------------------------|
| BSI 254 WESTFIELD, LLC and                | ) |                                      |
| BSI 254 WESTFIELD MEMBER, LLC,            | ) |                                      |
|                                           | ) |                                      |
|     Plaintiffs,       | ) |                                      |
|                                           | ) | NO. 1:22-cv-11394-DJC                |
| v.                                        | ) | **MEMORANDUM OF POINTS AND**         |
|                                           | ) | **AUTHORITIES IN SUPPORT OF**        |
|                                           | ) | **MOTION TO ENLARGE TIME TO**        |
| NICHOLAS FIORILLO,                        | ) | **FILE OPPOSITION PAPERS**           |
|                                           | ) |                                      |
|     Defendant.        | ) |                                      |
|                                           | ) |                                      |

_____

       In support of his motion to enlarge time to oppose Plaintiffs, BSI 254 Westfield, LLC and BSI 254 Westfield Member LLC's joint emergency motion to remand the with captioned civil action to the Superior Court Dept. of the Trial Court - *Suffolk Division*, Defendant Nicholas Fiorillo, as grounds therefor and in support thereof, hereby states as follows:

       1.     At all times as of July 29, 2022, the Defendant has been self-represented in this matter.

       2.     Defendant's prior endeavors to secure competent, non-compromised counsel to present an effective defense, pursuant to a 90-day stay granted on June 2, 2022, by Judge Salinger, have to date been unsuccessful, and Defendant now requires a Federal law attorney.

       3.     On May 24, 2022, Plaintiffs filed an Emergency Motion for Contempt Based on Defendant's Failure to Comply with Order Dated May 16, 2022, an order which was ambiguous on its face. This motion was denied on the same day as it was filed, with notation by the Judge that a party may not seek contempt sanctions by motion.

4.      On July 6, 2022, with a 90 day stay in effect and against a directive by the Court that the parties confer outside of the courtroom pursuant to Rule 9C and come to agreement between them, after refusing attempts to conference by Defendant, Plaintiffs filed a Verified Complaint for Contempt.

5.      Defendant filed a Motion for Extension on July 19, 2022, which was denied by the Court.

6.      On  July 25, 2022, Defendant filed an Objection to Plaintiff's Motion for Contempt, which the Court did not rule on.

7.      On July 29, 2022, Defendant filed a Motion to Dismiss Complaint for Contempt, which was denied by the Court.

8.      On August 15, 2022, Defendant filed a Motion for an Order Permitting Discovery, as prior counsel had not accomplished this.

9.      Plaintiffs filed a Motion Opposing Defendant's Motion for Discovery, on August 16, 2022.

10.     On August 17, 2022, the Court denied Defendant's Motion for an Order Permitting Discovery without prejudice, requesting that Defendant refile this motion with specificity.

11.     On August 22, 2022, Defendant refiled a Motion for an Order Permitting Discovery, in accordance with the specifications requested by the Court. No action was taken by the Court on this motion.

12.     On August 22, 2022, the same day that Defendant filed his motion to secure his right to discovery, Plaintiffs filed an Emergency Motion for Default, and Opposition to Defendant's Second Motion for Discovery.

13.     On August 24, 2022, Plaintiffs filed Memorandums in Support of Emergency Motion for Default and Opposition to Defendant's Second Motion for Discovery.

14.     On August 25, 2022, Defendant filed Opposition to Plaintiff's Emergency Motion for Default.

15.     On August 25, by Endorsement, the Court allowed Entry of Default against Defendant, without ruling on Defendant's Motion for Discovery.

16.     On August 28, 2022, Defendant filed a Notice of Removal to the United States District Court, District of Massachusetts.

17.     On August 29, 2022, the Court entered an Order granting default on Plaintiff's Complaint for Contempt.

18.     In the Circuit courts, default judgments are ordinarily disfavored. "Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

19.     The Plaintiffs will not be prejudiced if the Defendant is allowed to respond to the motion; however, the Defendant is subject to significant prejudice if the Court does not permit a reasonable time for Defendant to secure counsel with Federal law expertise to present its defense against the motion, to bring the new counsel sufficiently up to date with respect to the status of the action, and to gather and transmit the facts necessary to prepare a defense to the motion.

20.     In view of the foregoing, it is respectfully suggested that good cause exists for an 30-day extension of time for response to the motion.

Dated: August 31, 2022                                   NICHOLAS FIORILLO

                                                         /s/ Nicholas Fiorillo_____
                                                         Nicholas Fiorillo
                                                         3 Kales Way
                                                         Harwich Port, MA 02646-1936
                                                         Tel: (508)-776-7219
                                                         metrowestrealty@yahoo.com

## **Local Rule 7.1(a)(2) Certification**

I hereby certify, as Defendant, in dispute of Plaintiffs assertion of a good faith attempt to resolve or narrow the disputes addressed in the above motion, that no earnest attempt was made on either August 29th or August 30. I was copied on an email sent by Mr. Welnicki to counsel who functioned only in the capacity of electronically filing a removal notice, demanding that it be withdrawn, threatening sanctions against both counsel and Defendant, and making no offer to hold discussion held. Counsel who filed the removal notice responded correctly that Defendant is representing himself in this matter, and until such time as competent Federal counsel is secured the status quo will remain.

 /s/Nicholas Fiorillo
Nicholas Fiorillo

## **Certificate of Service**

The undersigned states that he served a copy of the above on counsel of record by email and through the Court's electronic filing system.

/s/ Nicholas Fiorillo
Nicholas Fiorillo