UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BSI 254 WESTFIELD, LLC and <br> BSI 254 WESTFIELD MEMBER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS FIORILLO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 1:22-cv-11394-DJC |

## OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO FILE OPPOSITION PAPERS

Mr. Fiorillo's request is unreasonable on its face. He is asking for twice the ordinary amount of time to respond to an emergency motion. This is further evidence of his delay tactics. As set forth in the Plaintiffs' remand motion, immediate relief is needed to enforce the Superior Court's Contempt findings and Orders, which resulted from Mr. Fiorillo's failure to comply with the May 16 Preliminary Injunction. Mr. Fiorillo's maneuver to this Court seeks to delay the Plaintiffs' efforts to obtain the relief to which they are entitled and have been seeking for months. Allowing a dissatisfied litigant an opportunity to delay the consequences of improper conduct through frivolous forum shopping efforts would send the wrong message to unsuccessful parties in all cases.

Without agreeing that this Court has the proper jurisdiction to handle this matter based on Mr. Fiorillo's removal papers, Plaintiffs address Mr. Fiorillo's request for an extension to respond to the motion to remand. As an initial matter, Mr. Fiorillo's motion also incorrectly appears on the docket as an extension of time to answer. Mr. Fiorillo has been defaulted and cannot answer in this Court or any other. Given Mr. Fiorillo's previous attempts to misrepresent

docket entries, this appears to be a tactical play by him. After the Superior Court expressly denied one of Mr. Fiorillo's motions for discovery, Mr. Fiorillo falsely suggested that the language of the endorsement somehow suggested that the motion had been allowed. (*Compare* August 17 denial of discovery request, attached as Exhibit 1, *with* August 17 Motion to Extend the Discovery Deadline, Suffolk Superior Docket Entry No. 41, attached hereto as Exhibit 2). This is actually the same issue regarding his baseless belief that a stay was granted by the lower court. The court endorsed his motion for a stay with the text "Allowed in part" and then stated clearly that he had to comply with all aspects of the Preliminary Injunction by June 30. (*See* Order, attached as Exhibit 3). Fiorillo simply stops at the word "allowed." The Superior Court repeatedly rejected his efforts to mischaracterize the docket. Tellingly, even if there had been a 90-day stay issued, it has now expired, and Mr. Fiorillo still has not complied. Mr. Fiorillo should not be permitted to create confusion where none exists.

Mr. Fiorillo incorrectly presumes that this Court has subject matter jurisdiction to entertain his motion. It does not and Mr. Fiorillo has not sufficiently identified a legally recognizable basis for removal. Mr. Fiorillo also misstates the record, which is readily ascertainable from the Superior Court docket and the attachments to the Emergency Motion to Remand. A stay is inconsistent with all of the Superior Court's subsequent findings and ruling. The Superior Court has defaulted Mr. Fiorillo and entered a judgment and finding of Contempt against him. He has no basis for seeking federal review.

It should also be noted that Mr. Fiorillo has obtained counsel on two prior occasions, each time terminating the relationship when he believed to be convenient. First, he retained Attorney Shawn Masterson. He later accused Attorney Masterson of unethical conduct and working against his interest. (*See* Suffolk Superior Docket Entry No. 15, request for 90-day stay

"to seek competent litigation counsel"). But even after he terminated Attorney Masterson in the Superior Court matter in an effort to secure additional time to comply with the Preliminary Injunction, Mr. Firiollo continued to retain Attorney Masterson in a Connecticut proceeding. Mr. Masterson very recently filed pleadings on behalf of Mr. Fiorillo in that matter. (*Raymond C. Green Funding, LLC, et al. v. Fiorillo, et al.*, Connecticut Superior Court, Docket No. HHD-CV22-5073473-S, Docket Entry No. 139.00 (Masterson filing on behalf of Fiorillo individually). Second, Attorney Signore filed a notice of appearance on behalf of Mr. Fiorillo. In the very hearing where Mr. Fiorillo suggested that he wanted to also represent himself, he told Mr. Signore on the record that he remained in the case. Additionally, Mr. Fiorillo has been retaining a series of "consultants" to assist him, including at least one member of a bar of another jurisdiction. He apparently is also using Attorney Kreutzer – who represents him in other matters – to do his filing in this case. And, even though Mr. Fiorillo failed to appear at his most recent contempt trial, his criminal defense attorney was seated in the courtroom. Therefore, there is no merit to Mr. Fiorillo's contention that he needs time to retain new counsel.

Further, whether Mr. Fiorillo intends to retain new counsel is irrelevant to the issue of subject matter jurisdiction. Mr. Fiorillo could just as easily retain new counsel to represent him in the proper forum where this case has been pending for several months. Mr. Fiorillo's retention of any counsel will not cure or excuse the jurisdictional, procedural, and substantive defects with his frivolous removal notice.

Finally, Mr. Fiorillo erroneously characterizes Plaintiffs' efforts to conference and resolve this matter. Plaintiffs' counsel notified both Mr. Fiorillo and the attorney listed on the docket as his representative counsel. Plaintiffs' counsel offered Mr. Fiorillo and counsel an opportunity to discuss the matter and gave Mr. Fiorillo wide latitude to select a time. The only

response Plaintiffs' counsel received was from Attorney Kreutzer who disclaimed that he was representing Mr. Fiorillo. Interestingly, Mr. Kreutzer admitted to Plaintiffs' counsel that he filed the notice of removal despite telling the clerk that there was a mistake in the filing. When counsel appears on the docket for a party, other parties and their counsel should have the right to rely on such notices until a formal withdrawal or correction is made. An attorney distancing himself from his prior actions should not be deemed sufficient.

Dated: September 1, 2022

BSI 254 WESTFIELD, LLC and
BSI 254 WESTFIELD MEMBER, LLC,

By its attorneys,

_____
Michael P. Sams  BBO# 567812
(mpsams@kslegal.com)
Matthew C. Welnicki  BBO# 647104
(mcwelnicki@kslegal.com)
KENNEY & SAMS, P.C.
144 Turnpike Road
Southborough, Massachusetts 01772
Tel.:  508-490-8500
Fax:  508-490-8501

## Certificate of Service

The undersigned states that he served a copy of the above on counsel of record and Fiorillo by email and through the Court's electronic filing system.

_____
Matthew C. Welnicki